# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA PEREZ and RICHARD PEREZ, <br><br> Plaintiffs, <br><br> v. <br><br> FORD MOTOR COMPANY, et al., <br><br> Defendants. | No. 3:17-cv-02290-GPC <br><br> Before the Hon. Gonzalo P. Curiel <br><br> **ORDER SUA SPONTE STAYING PROCEEDINGS AND DEADLINES PENDING DECISION BY JUDICIAL PANEL ON MULTIDISTRICT LITIGATION** |

On December 8, 2017, Plaintiff filed a Motion to Remand to San Diego County Superior Court. Dkt. No. 11. The Court observes that this case is a likely candidate for inclusion in *In re: Ford DPS6 PowerShift Transmission Litigation*, MDL No. 2814. *See* Dkt. No. 8 (Ford's Notice of Related Case). Accordingly, the Court will *sua sponte* stay this proceeding pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") on Ford's Motion for transfer and pretrial consolidation in *In re: Ford DPS6 PowerShift Transmission Litigation*, MDL No. 2814.

The court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American*

*Co.*, 299 U.S. 248, 254 (1936). Courts frequently grant stays pending a decision by the MDL panel regarding whether to transfer a case. *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998).

When considering a motion to stay pending an MDL decision, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). The Court finds that a stay would cause little prejudice to Plaintiffs as their primary argument regarding jurisdiction will continue to remain viable after the JPML has ruled on Ford's motion to transfer. In comparison, Defendant Ford Motor Company would face considerable hardship as it faces more than 100 suits in federal courts across the state which could lead to the prospect of inconsistent rulings. Third, staying these cases would conserve judicial resources as a decision by the JPML to consolidate the cases—without a stay—would lead to this Court "needlessly expending its energies familiarizing itself with the intricacies of a case that would be heard by another judge." *Rivers*, 980 F. Supp. at 1360-61. Further, the Court observes that district courts across the state have stayed cases being considered for inclusion in this MDL. *See* Case No. 17-cv-2038, Dkt. No. 12, Ex. G, H, I, J, K, M (S.D. Cal Stay Orders by Judges Bencivengo, Whelan, Sabraw, Burns, Curiel, and Houston); Ex. F (C.D. Cal Stay Entries by Judge Birotte); Ex. D (N.D. Cal. Stay Entries by Judge Koh).

Accordingly, the Court will *sua sponte* order that all proceedings and deadlines in this action are stayed pending a determination by the Judicial Panel on Multidistrict Litigation of Ford's Motion for transfer and pretrial consolidation in *In re: Ford DPS6 PowerShift Transmission Litigation*, MDL No. 2814. All filing deadlines and hearing dates are **VACATED.** The parties are **ORDERED** to file a joint statement as to the status of Ford's motion to the JPML on February 23, 2018.

**IT IS SO ORDERED.**
Dated: December 8, 2017

Hon. Gonzalo P. Curiel
United States District Judge